By the Court.
We discern no ground to suppose that this application is designed for delay. The defendants, as is shewn by the affidavit, have not been able to ascertain the present residence of two material witnesses, until since the last term of this court. An opportunity to examine them ought to be given.
With regard to the payment of the costs of the plaintiff', which we are asked to impose upon the defendants as a condition of granting the commission. The language of the act, “ That it shall be lawful for the court on such terms as the court shall direct, to award a commission,” &c., Rev. Laws, 437, .sec. 1, applies, we apprehend, to the time in which the commission shall be returned, and to a variety of other matters; but does not authorize the imposition of costs. We know no practice in this or any other court to warrant it.
*111 Scudder, then applied to the court to compel the plaintiff to file security for costs, and read an affidavit stating, “ that the plaintiff has left this state and now resides out of the same.”
*Chetwood objected that the application was too late, being after issue joined. Rev. Laws, 423, sec'. 73.
By the Coukt. The affidavit does not shew that the plaintiff has left the state since the issue was joined; nor that the present application might not have been made at the usual time; nor any excuse for the omission then to make it.
Motion denied.